**In re Petition for DISCIPLINARY ACTION AGAINST Wayde Russell BROOKS, a Minnesota Attorney, Registration No. 335654.**

**No. A10–1394.**

Supreme Court of Minnesota.

April 5, 2011.

**ORDER**

In August 2010, the Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action alleging that respondent Wayde Russell Brooks committed professional misconduct warranting public discipline, namely, failing to diligently represent a client, failing to adequately communicate with that client, failing to promptly return the client's file and to promptly refund the client's retainer, making false statements to the client to conceal his misconduct, engaging in the practice of law while fee-suspended and on CLE-restricted status, submitting a false affidavit during the disciplinary investigation, and failing to cooperate with the disciplinary investigation, in violation of Minn. R. Prof. Conduct 1.3, 1.4, 1.16(d), 4.1, 5.5(a), 8.1(a) and (b), and 8.4(c) and (d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

A hearing was held before a referee appointed by the court to make findings of fact, conclusions of law, and recommendations for disposition. After the hearing, the referee filed findings of fact, conclusions of law, and recommendations for disposition with the court. The parties stipulate that the referee's findings of fact and conclusions of law are conclusive.

Respondent now waives his further procedural rights under Rule 14, RLPR, and admits that his conduct violated the Rules of Professional Conduct. The parties jointly recommend that the appropriate discipline is a 90–day suspension from the practice of law followed by unsupervised probation for a period of one year.

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that respondent Wayde Russell Brooks is suspended from the practice of law, effective upon the date of filing of this order, for a minimum of 90 days, subject to the following terms and conditions:

(a) Respondent shall comply with Rule 26, RLPR (requiring notice of suspension to clients, opposing counsel, and tribunals).

(b) Respondent shall pay $900 in costs, pursuant to Rule 24, RLPR.

(c) Respondent shall be reinstated to the practice of law only by further order of the court. Respondent may seek reinstatement by filing with the Clerk of Appellate Courts and serving upon the Director's Office an affidavit establishing

that respondent is current with continuing legal education requirements, has fully complied with Rule 24 and 26, RLPR, and has satisfactorily completed all other conditions for reinstatement. Respondent is advised that a minimum of 15 days is needed for the Director's Office to verify respondent's compliance with the conditions for reinstatement and for the court to issue the order of reinstatement.

(d) Upon reinstatement, respondent shall be placed on probation for a period of one year, subject to the following additional terms and conditions:

(1) Respondent shall cooperate fully with the efforts of the Director's Office to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by its due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall authorize the release of documents and information to verify compliance with the terms of the probation.

(2) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(3) Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling, and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(e) Within one year from the date of filing of this order, respondent shall file with the Clerk of Appellate Courts and serve upon the Director proof that he has satisfactorily completed the professional responsibility portion of the state bar examination. Failure to do so shall result in automatic re-suspension, pending successful completion of the examination, pursuant to Rule 18(e)(3), RLPR.

BY THE COURT

/s/Alan C. Page
Associate Justice